Warner v. Dunham.

---

WARNER *vs.* DUNHAM and WITHERS.

Where in a suit on a bond conditioned that defendants shall return to plain-
tiff (assignee and attorney of an executor) money received by one of them
(D.) out of the estate of the deceased, in case any claim entitled under the
will to a preference over said money be brought against the estate, the de-
claration assigned as breach a judgment against the estate in favor of C. D.,
avering that it had preference and that the money was wanted to pay it, it
is a good plea, that C. D. released under seal to D. the said money from
the effect of said judgment.

The release, being under seal, purported in effect payment of the money.

The replication set up an assignment of the judgment by C. D. to a third per-
son before the release to *D. Held*, on demurrer, that it was necessary to
aver a consideration for the assignment, although under seal; but not that
defendants had notice of the assignment; and that there should have been
an averment that the suit was brought for the benefit of the assignee.

DEBT upon bond, dated February 8th, 1837; penalty, $2,000.
The condition recited that the said Alfred F. Dunham had,
without the consent of the plaintiff, received from the sur-
rogate of the city and county of New York the sum of
$380.50, being money of the estate of Mary Dunham deceased,
and also, that the further sum of $776, other parcel of the
estate, was then in the hands of the said surrogate, and that
the said Alfred claimed that this sum ought to be paid to

Warner v. Dunham.

him under the will of the said Mary Dunham deceased, and that the said plaintiff also claimed the right to receive the same on behalf of the acting executor of the said will, but was prevented by the caveat of the said Alfred; and that the plaintiff had consented to allow the said money to be paid to the said Alfred, on condition of being indemnified. It was then conditioned that if the said two several sums of money received, and to be received by the said Alfred as aforesaid, should be at any time then after required or wanted in whole or in part for the purpose of paying any claims, creditors, legatees, or others having prior or better rights under the will of the said Mary, or for any other lawful purpose, and that if the said Alfred F. Dunham and Reuben Withers or either of them should thereupon, and from time to time, refund or pay to the said plaintiff on demand the whole of said moneys with interest, if necessary, as aforesaid, for the purpose in that behalf expressed, then the said obligation to be void, otherwise to remain in full force.

The declaration then avers that the plaintiff, at the time of the execution of the aforesaid bond, as the assignee and attorney of D. R. Dunham, sole acting executor under the will of Mary Dunham deceased, had charge of the assets of the estate of said Mary in the state of New York, and was and from thence has been entitled to collect and administer the same so far as the same remained unadministered.

*2nd Breach.* And the said plaintiff for assigning another breach of said condition, &c. says, that the whole amount of the said sums of money in the condition mentioned, with interest, is wanted, and required by the said plaintiff for the purpose of paying, amongst other claims outstanding against the estate, a judgment in favor of Caroline Dunham to a large amount, to wit, $5,677.00, the said payment being a prior and better claim than the right or equity of the said Alfred. And also, for the purpose of paying a large amount, to wit, $5,000 now due and owing to the said Caroline, as one of the legatees under said will, and whose claim is prior and better than any right or equity of the said Alfred. By reason whereof, &c.

*4th Plea.* And for a farther plea on this behalf as to the 2d point of the said declaration, &c., the defendants say, that the said two several sums of money mentioned in the condition of the said bond are not necessary, nor are they wanted or required by the said plaintiff for the purpose of paying in whole or in part a judgment outstanding against the estate of the said Mary Dunham, deceased, in favor of Caroline Dunham, because they say, that on the 11th August 1837, &c., the said Caroline by her certain writing of release, sealed with her seal, and now shown to the court, &c., did release and discharge the said Alfred, his heirs and assigns for ever, certain moneys, of which the said two several sums of money mentioned in the said condition are part and parcel, of and from the effect and operation of the said judgment obtained by her against the estate of the said Mary, of which the said plaintiff had notice, &c., concluding with a verification.

Replication.—And the said plaintiff as to the said plea of the said defendants by them fourthly pleaded, &c., says, that before the time of the execution and delivery of the said release mentioned, to wit, on the 1st July 1837, &c., the said Caroline by her certain writing of assignment, sealed with her seal, and now shown to the court, &c., did bargain, sell, assign, transfer and set out unto Charles F. Mayer, the said judgment mentioned in plaintiff's declaration, and thereby constituted the said Charles her lawful attorney, &c., to collect the same in her name, the same as if she were present, and that on said day, &c., the said Charles became the assignee and sole owner of the said judgment, and continued to be such sole owner at the time of the release, &c. Concluding with a verification.

To this replication the defendants demured, specifying the following causes: 1. That the said replication is defective in not avering the consideration paid by the said Charles F. Mayer for the assignment of said judgment. 2. For not avering that the said defendants had notice of said assignment. 3. For not avering that the action was brought on account of and for the benefit of the said Charles F. Mayer. Joinder in demurrer.

*By the Court*, NELSON, Ch. J. The plea, I think, constitutes a good answer to the breach assigned in the declaration to which it has been pleaded.

The condition of the bond, in substance, obligated the defendants to refund the two sums of money received by A. F. Dunham, in case any claim was brought against the estate of the deceased, entitled to a preference over him to the money under the will.

The breach assigned is a judgment against the estate in favor of Caroline Dunham, which is avered to have preference, and that the money is wanted for the purpose of being applied towards the payment of it.

In answer to which, the plea sets up a release and discharge executed by the said Caroline to the said Alfred, by which she releases and discharges the two sums of and from the effect and operation of the judgment—in effect, the payment of the money—for the release, being under seal, imports this much on its face. A payment to the cestui que trust, and discharge by her to the debtor under the circumstances extinguished the demand.

The question then turns upon the effect of the replication. That sets up an assignment of the judgment by Caroline to a third person previous to the payment of the money to her, and discharge of the obligors in the bond.

It is insisted this is no answer to the plea for the reason. 1. There is no averment of a consideration paid by the assignee. 2. Nor, of notice to the defendants before the execution of the release to them; and 3. No averment that the suit is brought on account, and for the benefit, of the assignee.

1. As to consideration.—That point was expressly decided in *Prescott* v. *Hall*, 17 Johns., 285. There, it is true it did not appear from the replication, that the assignment was founded upon any consideration. Here the assignment being under seal imports a consideration. The court say, it ought to have been avered in the replication that the debt had been assigned for a full and valuable consideration: and go on to state the reason, namely, that the creditor of the payee who was there seeking to apply the demand to the payment

27

Warner v. Dunham.

of his debts, showed an interest in it unless assigned bona fide, and for a valuable consideration.

The court also refer to and approve of *Perkins* v. *Parker*, 1 Mass., 117, where the necessity of this averment was directly held by all the judges; and, also, that the acknowledgment of value received in the assignment was not sufficient; that a consideration expressing a mere formal value was ineffectual to protect the assignee against conflicting equities or claims to the chose in action; and that the assignment on this account must be founded upon a good and adequate consideration.

In *Winch* v. *Keely*, 1 T. R., 619, the consideration for the assignment is set out in the replication, though the instrument was under seal.

The case of the assignee is analogous, in principle, to that of a bona fide purchaser without notice, who in equity must aver a valuable consideration paid, independently of the recital in the purchase deed, to overcome the equity made out against him. (Sugd. Vend., chap. 18, pp. 757—760, and cases.)

2. As to notice.—I apprehend that is not necessary, in this case, in order to protect the assignee. If payment had been made by the judgment debtor, or the executor who represents the party, before notice from the assignee, it would have been effectual and valid against him. The defendants are not parties to the judgment, and stand in no way connected with the security, so as to. apprise him of their obligation, and enable him to give the notice. No default, therefore, in this respect, can be imputed, and in the conflict of equities, the rule, which is the same at law as in equity, *qui prior est tempore, potior est jure*, applies. The defendants stand in no more favorable position than a person who had taken a subsequent assignment of the judgment for value paid, without notice of the previous one. In that case his interest is not protected. Notice to him from the first assignee is impracticable in the nature of things. It is, equally, so in this case. (*Muir* v. *Schenck*,.3 Hill, 228, and cases there cited.)

3. As to the necessity of an averment that the suit was

brought on account of and for the benefit of the assignee. That was expressly held to the essential in *Prescott* v. *Hall*, and in the cases there refered to.

Judgment for the defendants on demurrer, leave to amend on the usual terms.